UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


ANDREW WEARY (#100956)

VERSUS                                  CIVIL ACTION

DR. MCMURDO, ET AL                      NUMBER 13-54-BAJ-SCR


### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, March 20, 2013.


STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANDREW WEARY (#100956)

VERSUS                                      CIVIL ACTION

DR. MCMURDO, ET AL                          NUMBER 13-54-BAJ-SCR

### MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Dr. McMurdo, emergency medical technician ("EMT") Capt. Summers, nurse Betty and nurse Becky. Plaintiff alleged that the defendants were deliberately indifferent to his serious medical needs in violation of his constitutional rights.

For the reasons which follow, the plaintiff's complaint should be dismissed as frivolous.

### I. Background

Plaintiff alleged that on August 12 or 13, 2012, he injured his ankle when getting out of bed. Plaintiff alleged that on August 13, he requested emergency medical treatment. Plaintiff alleged that he was examined by EMT Capt. Summers who concluded that the plaintiff did not require emergency medical treatment and could report to work.

Plaintiff alleged that on August 14, he requested medical attention for his ankle injury and was examined by an EMT who

determined that the plaintiff was not in need of emergency medical treatment.  Plaintiff alleged that he reported to work and was made to walk half a mile to the work site on his injured ankle.

Plaintiff alleged that on August 16, he was evaluated at sick call, was placed on bed rest for three days and was referred for examination by a doctor.  Plaintiff alleged that the same day, he was examined by a neurologist who observed swelling in the plaintiff's ankle and ordered x-rays.

Plaintiff alleged that on August 18, x-rays were taken of his ankle which showed that he sustained a break of a small bone above his right ankle.  Dr. McMurdo then placed the plaintiff's right leg in a half cast, issued him crutches and prescribed pain medication. Plaintiff alleged that although his blood pressure was elevated, Dr. McMurdo failed to prescribe any medication to lower it.

Plaintiff alleged on August 23, he was placed on call-out to be examined by an orthopedist.  Plaintiff alleged that when he arrived at Camp D, the receptionist told him he was not on the appointment list.  Plaintiff alleged that the receptionist spoke to either nurse Becky or nurse Betty who told the receptionist that it was not known whether the plaintiff's ankle was broken.

Plaintiff  alleged that on September 22 he was examined by an orthopedist.  Plaintiff alleged that the orthopedist advised him that the fracture had begun to heal and it was too late to set the bone.  Plaintiff alleged that the injury causes moderate

2

discomfort, the muscles in his right leg have been torn beyond repair and the Achilles tendon is swollen and tight and causes him pain after walking a certain distance.

## II. Applicable Law and Analysis

### A. Frivolous Standard

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for 28 U.S.C. § 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal § 1915(d) may be made at any time before or

3

after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

**B. Deliberate Indifference**

Plaintiff alleged that EMT Capt. Summers failed to accurately diagnose his ankle injury or refer him to a doctor for examination. Plaintiff alleged that Dr. McMurdo failed to prescribe medication to treat his high blood pressure.  Plaintiff alleged that either nurse Betty or nurse Becky misinformed the receptionist about his injury which delayed examination by the orthopedist.

To prevail on an Eighth Amendment claim for deprivation of medical care a prisoner must prove that the care was denied and that the denial constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976); *Johnson v. Treen*, 759 F.2d 1236 (5th Cir. 1985).  Whether the plaintiff received the treatment he felt he should have is not the issue.  *Estelle v. Gamble*, *supra; Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981).  Unsuccessful medical treatment does not give rise to a Section 1983 cause of action.  *Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991), *Johnson v. Treen, supra*.  Negligence, neglect or medical malpractice does not rise to the level of a constitutional violation.  *Varnado, supra*.

At worst, the plaintiff alleged that EMT Capt. Summers acted negligently or committed medical malpractice when he misdiagnosed the plaintiff's ankle injury.  Allegations of negligence or medical

4

malpractice do not rise to the level of a constitutional violation.

Plaintiff alleged that Dr. McMurdo did not prescribe medication for high blood pressure.  Plaintiff's dissatisfaction with the medical treatment rendered by Dr. McMurdo does not constitute deliberate indifference to his serious medical needs and does not rise to the level of a constitutional violation.

Plaintiff's allegation that either nurse Betty or nurse Becky misinformed the receptionist about the nature and extent of the plaintiff's ankle injury is at worst negligence and does not rise to the level of a constitutional violation.

<u>**RECOMMENDATION**</u>

It is the recommendation of the magistrate judge that the plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert consistent with the facts alleged in his complaint.

Baton Rouge, Louisiana, March 20, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE